Lisa, can you call the first case please? 16-2962, Renee Douglas and Natalia Douglas v. Arlington Park Racecourse, LLC and Churchill Downs Can the attorneys please approach the podium? Can you identify yourselves for the record please? Yes, Paula Carstensen on behalf of Arlington Racecourse and Churchill Downs Good morning, your honors. Tom Saracusa on behalf of the plaintiff's capital Okay, Ms. Carstensen, we have 15 minutes each. Chad, did you want to reserve some time for rebuttal? I'd like to reserve three minutes for rebuttal. Great. All right. Thank you, Ms. Carstensen. You can proceed. Good morning, your honors. In this case, the jury returned a defense verdict based on overwhelming trial evidence establishing that Arlington Park and Churchill Downs were not negligent in selecting the polytrack racing surface and nothing they did or failed to do caused or contributed to the injuries that jockey Renee Douglas sustained. When he was violently thrown from his speeding racehorse after another jockey bumped his horse, precipitated a collapse of the horse, the rider was thrown. Now we get down to the sole proximate cause instruction. Do you have any case law that says that the sole proximate cause instruction should be given when there's more than two people who could be the sole proximate cause? I would point to the Reedy case decided by the Illinois Supreme Court. In that case, the court agreed that it would be appropriate to give a sole proximate cause instruction where there were two different parties alleged to have. In that case, were the two different parties delineated in the instruction? No. There was no special interrogatory given in that case, and there was no... So it was the same phrasing as it was in this case, that it was some other actor. Well, in the Reedy case, there was no sole proximate cause instruction given, and the court found it was error to not to give the instruction where you're blaming two different parties. I guess our question is, is it error for this instruction to just say some other actor without specifying what other actor is included? And furthermore, when you have a special interrogatory, the special interrogatory also says some other actor. Well, the instruction is taken right out of the IPI instructions, and I don't think there's any requirement that they'd identify the other party in the instruction. If the instruction is a special interrogatory, wouldn't that clarify exactly who you're pointing to? I don't believe that's true in the context of this case, because both parties pointed to the conduct of Mr. Theriot. So it wasn't unclear, and in any event, even if there was error in that, there was an opportunity to correct the error before the instruction was submitted to the jury, which plaintiff's counsel did not request. So if they hadn't requested, is your argument waiver? Yes, I do argue that they waive that, and I also argue if you find that's error, that it's harmless error, because the answer to that interrogatory was entirely consistent with the verdict here. It renders the answer really... But that interrogatory is the same ambiguity as the instruction, isn't that? The instruction is not ambiguous. It simply directs the parties or the jury's intention onto plaintiff's burden of proof to prove that here the polytract surface was a cause of injury. In fact, that point was argued to the jury by both sides. Mr. Serakisa told the jury, if you find that this surface was defective, it does not, any cause, any cause of the injury, it doesn't matter that Mr. Theriot... Mr. Theriot's conduct does not matter, and you must find for the plaintiff. So the argument is curing any possible defect? I don't think there was any... because as laid out in the brief, everyone, there wasn't an ambiguity. The parties knew who this referenced, and the jury was well aware of that as well, the way the evidence came in. And your theory in this case, one of your theories is that this jockey, not the plaintiff, but the other jockey, was the sole precedent cause. Right. Is that correct? Yes. What evidence do you have that the jockey was negligent? I understand what the horse did, but how do you relate that to the jockey causing it? Okay, you do not, again, on the sole precedent cause issue, you don't have to prove that the other party was negligent. That would be Leonardi, McPartland, all the Supreme Court jurisprudence agrees. All you have to do is show their conduct was the sole cause of the accident. Well, what conduct did you show on behalf of the jockey that was negligent? I know you showed conduct on behalf of the horse, but what conduct did you show on behalf of the jockey? The conduct on behalf of the jockey was he pulled his horse off the rail and bumped into Mr. Douglas' horse. Well, isn't that what the horse did? The horse went off the rail and bumped... No, the jockey deliberately, we have testimony from an expert, he deliberately steered his horse, which is against the racing rules. We were not allowed to put that in evidence, and he was sanctioned for that conduct. The judge wouldn't let us put in that evidence. He bumped Mr. Douglas' horse. But I'm interested in what the record shows as evidence. What does the record show? This is evidence based on our expert's testimony that he went for a hole in the pack of the horses, deliberately moved his horse. Well, that was the expert's conclusion, but what evidence did he have that this was deliberate? And if it's deliberate, does that make it negligent? If it's deliberate, does that make it negligent? Again, we don't have to show that it was deliberate or that it was negligent. All we have to do is show that he engaged in conduct which precipitated and caused the accident. What case is it? Leonardi, McPartland. You don't have to, for example, in a medical case, prove that another doctor was deviated from the standard of care in presenting your proximate cause. You only have to show that the conduct caused was the sole proximate cause. Yeah, but the conduct that you showed was from the horse, not from the jockey. A horse doesn't steer itself. And there was plenty of evidence here that this was not a case where, and horses sometimes do accidentally bump each other, but I would ask you to read our Dr. Claiborne's testimony, and they went slide by slide through the video showing how the bumping of the horse occurred. And Mr. Douglas is seen in the video reacting to that, trying to stop his horse, but now it's too late, he's been pushed over, and the accident happens. Counsel, just to be clear, as you would characterize your theory at trial, you were only pointing the finger at one other potential sole proximate cause, and that is the jockey? And that is the jockey. Not Martin Collins. We did not argue in our closing argument or present that theory. But that theory was presented with the evidence, was it not? The theory was presented that Martin Collins, in support of our negligence theory, so we were being accused of installing this defective track and not maintaining it. So you heard extensive testimony about what Martin Collins did or didn't do with regard to the maintenance of the track? Plank admits in their reply brief that this was properly admitted on the issue of negligence, because they were saying we didn't maintain it in the proper way, but we were told by the manufacturer that we needed to take these measurements and maintain it in the way that Plank's experts said. So it was entirely proper to admit this testimony on the issue of negligence. But the fact that they didn't argue it, do you think somehow takes it out of the requirement to put it into the ICI? Yes, we didn't. At the end of the case, we withdrew those instructions and we didn't go on a theory that Martin Collins caused the accident. And even if we did, again, I would go back. There's established case law that given the sole proximate cause instruction, and although in that case it didn't include a special interrogatory, there's just no prejudice, because all the sole proximate cause instruction does is direct a properly instructed jury to look at whether what Plank was claiming was the negligent conduct was a cause of the accident. Counsel, can I return you to my question? Sure. So you're saying that your theory of trial was just that there was one other sole proximate cause. Yes. So you weren't pointing the finger at Martin Collins. You're telling me you were only implicating the other jockey and the horse. But when you were asking for the instruction, didn't you tell the judge that you actually had two different potential sole proximate causes, Martin Collins and the jockey? Yes, we did. When we asked for the instruction. And wasn't that a significant reason for you getting that instruction? No. In fact, the judge said not no, because the next day we came in and presented our sole proximate cause instruction, and we were arguing again in front of the judge. And this is shown in the record. And the judge, Mr. Syracuse, asks, what about the instruction specifically naming the jockey? And the judge said they've withdrawn those instructions, and we're going to go with this instruction. So we did withdraw it before we did the argument. And even if you construe that argument as blaming Martin Collins, you can blame two different people for causing an accident. Does the case law speak to that when it talks about sole proximate cause instructions? It does. If you've got more than one potential? I would refer the court to the Nolan case and the Reedy case. Nolan was a bit different because it really involves an asbestos case where there was an error in admitting evidence as to multiple asbestos producers, and that evidence should have come in to prove that they caused the accident, not the individual on trial, the individual accompanied. And in Reedy, there were two distinct theories. Yeah, but in the case with the asbestos, you know, it's a known fact in all of these cases that anything that the asbestos attaches to could cause the problem. That's not the situation here. Well, in Nolan, the court rejected that argument and said specifically you can't break, because that used to be, that's what the plaintiffs were arguing in Nolan, that once you touch the asbestos, you're tainted. And the Supreme Court said, no, you can still come in and show that other exposures are what caused this. And here, there's just no question that this fall was precipitated by the bumping of the horse by Mr. Theriot, causing the heel clipping, and the horse went down. Overwhelming evidence. I mean, there was overwhelming evidence that the surface played no role. Plaintiff was trying to argue that the surface... Well, would that depend on who you believed, whose expert you believed? I think common sense would tell you that, not necessarily the expert. He fell from a horse. The testimony was it's equivalent to hitting the ground, falling from a five-story building. He, you know, he landed, even his own treating physician said he landed in such a way that it bent his spine forward and fractured his mid-level spine, his thoracic spine. And this is a type of injury that can turn on any type of surface. I don't think the jury really needed an expert to tell them when you fall off a speeding racehorse and you hit the ground, that you can fracture your vertebrae without any negligence happening by any part. And I think that's what the jury concluded here. They could have concluded we were not negligent, and they most certainly concluded, based on their answer to the interrogatory, that the sole proximate cause was Mr. Theria. And I would ask you to overturn the jury verdict, overturn the trial court's finding, overturning the jury verdict. This is a really cleanly tried case. There wasn't a lot of error in this case, and the evidence in support of the defendant's case is overwhelming. Thank you. Your Honors. Thank you, Ms. Carstensen. Mr. Syracuse. Thank you. Please support counsel. Common sense cannot dictate the cause of the injury in this case, because we had evidence that, first of all, in thoroughbred racing, jockeys, exercise riders, trainers, they fall. They fall at speed. They fall onto the surface. They fall onto their head, neck, and shoulders. Since Mr. Duchesois took control of this track in 1983, there had never been a paralyzing injury of a jockey, exercise rider, or trainer. There had never been a fatal injury of an exercise rider, jockey, or trainer. Yet in May of 2009, when we have data, data compiled by the track's consultant that showed that the surface was 50% stickier than the prior dirt surface, 50% stickier than when this synthetic surface was installed in 2007. And then in May 2009, you have a paralyzing injury. In August, when the track is in the same condition, you have a paralyzing injury. Does that go to Martin Collins' liability? Doesn't that all, everything that you just said, doesn't that all go right to your theory at trial that Martin Collins was responsible? And yet you backed off that theory in closing argument, didn't you? No, we never had a theory that Martin Collins was responsible. Why put all that evidence in there? We did not introduce any evidence of Martin Collins. The defense did, respectfully. We settled with Martin Collins. The allegations against Martin Collins in the product liability case were different. When this track was installed in 2007, the dynamic angle, which is the stickiness, and the vertical load, which is the hardness, were absolutely identical to the dirt surface it replaced. Between 2007 and 2009, at the time of Mr. Douglas' accident, and August of 2009, at the time of Mr. Strait's accident, the track became harder and stickier, and that was solely due to the maintenance policies of Arlington Park. Arlington Park caused this track, from the time of this installation until the time of this incident, to become harder and stickier. So this common sense that if a jockey falls from a horse at speed,  when two people in the track's entire existence, according to its owner, two people within two months of the track of this condition suffered identical injuries, common sense doesn't work. Judge McGee was accurate in his analysis that this case was saturated with evidence of other parties' conduct, and we heard about Martin Collins not advising Arlington Park about the importance of maintaining the surface to maintain dynamic angle or vertical load. We heard a buyer beware argument in closing about Martin Collins' materials. The manual was compared to what you would receive when you bought a car, and it would tell you how to service the car and what policies you should be following. There were statements in the evidence that Arlington Park was left in the dark by the instructions of the product manufacturer. So the idea that after imbuing, as the trial court indicated, this case with evidence about another's conduct, that they could then claim sole proximate cause is just contrary to the law. And I'd like to point out that we objected not only based on the introduction of the evidence of Martin Collins, but of the conduct that they're alleging of Mr. Thurio in and of itself, because Mr. Thurio's actions did not cause any injury to Mr. Douglas. If we were to argue that Mr. Thurio was a proximate cause of injury, we'd need to use the long form of 1501, because what actually happened, there was not an actual bumping that was described. It was a jostling, and what was alleged was that there was an open hole during the course of the race, and Mr. Douglas and Mr. Thurio both went for the hole, and in attempting to get in that place, Mr. Douglas's horse was somehow thrown off course. But importantly, that wasn't what caused Mr. Douglas to fall, because after the horse was thrown off course, it was alleged that Mr. Douglas pulled up on the reins and tried to slow his horse. It was then alleged somehow that by him slowing his horse, it allowed his horse to come in contact with the horse in front of it, and then clip heels. And then as a result of clipping heels, the horse fell. And then as the horse was falling, Mr. Douglas was thrown. So that action in and of itself was part of our argument that this is not a sole proximate cause. And if you recall from the record, even Judge McGee asked during the course of our argument, well, what about the clipping of heels? Isn't that a cause? Doesn't that prohibit this whole discussion? And it really does, because even if you disregard the evidence about Martin Collins, the series of events that they're alleging that there were a cause, which, again, we don't agree with, but those events in and of themselves would preclude a sole proximate cause. But counsel, the jury didn't have to answer the special interrogatory yes. They could have answered it no, but they answered it yes. They thought that there was a sole proximate cause. So were they outside of their bounds in doing that? Yes, because it was improper for them to even be instructed in sole proximate cause. The defendants are asking not only to reverse the judgment of the trial court, but they're asking to change the law, because sole proximate, we're going to have to rewrite 1204. Sole proximate cause in 1204 refers to the conduct of a person. Now, that use of the singular was for a reason. It's the sole proximate cause. It's the one cause, the single cause, the only cause. But if there's something inherent, sorry to interrupt you, is there something inherently wrong about a defendant? Defendants are free to make whatever theories they want, right, supported by the evidence, for a defendant to say there are actually two different sole proximate causes, arguing in the alternative, for example. There is absolutely nothing wrong about a defendant arguing that others caused the occurrence, but once they ask for a sole proximate cause instruction, that's where they want to follow the law. So you're saying it's not proper. If they were up front saying, Judge, we have two different non-parties that we're pointing the fingers at, Mr. Theriault and Martin Collins, and we're going to argue to the jury that both of those could have been the sole proximate cause, maybe those are somewhat contradictory, but you're arguing in the alternative. If they did that, they couldn't argue that each of them could have been the sole proximate cause. No one asked the Houghton case, because what happened in Houghton was three treating physicians were also brought into the case and blamed, so to speak, for the conduct that the defendant was charged with. And that's the case that set the precedent in Illinois, which is still good precedent, that you cannot have multiple sole proximate causes. This was a tactic. This was a strategy, a win-at-all-costs strategy, which failed. As you heard from counsel, they had to make a decision. Let me stop you just for a minute. Let's assume that we found that the instruction was improper. Now, then there has to be a showing that you were prejudiced or that the jury was confused. And in order to do that, you'd have to show that you would have done something different. What would you have done different if they did not have the sole proximate cause instruction? Well, the prejudice in this case, Your Honor, we are alleging, is the combination of the sole proximate cause instruction and the special interrogatory based on sole proximate cause, which, of course, was determinative of the verdict. So unlike any case that has been cited by the appellants, there is no case which addresses the issue where you have both an improper sole proximate cause instruction and a special interrogatory on that improper instruction, which controls the verdict. So we say by definition the fact that that special interrogatory was allowed to control the verdict, excuse me, based on an improper theory is prejudicial. And the trial court agreed. The Wheely case, which is being used to allow the dual sole proximate cause, simply doesn't say that. And I'm not going to get into the Nolan case because I think we all understand that Nolan is an asbestos case and different rules on causation apply, and it was talking about exposures. But the Wheely court said United was entitled to present evidence to support a sole proximate cause during instruction. And then the question becomes whether the evidence would have entitled United to such an instruction. Wheely did not address the issue of giving sole proximate cause on behalf of two parties. It simply doesn't stand for that proposition. And Abruzzo, which we cited, was decided after Wheely, and clearly Abruzzo did not adopt the idea that you could have two sole proximate causes. And again, it's contrary to common language and it's contrary to the whole history of Illinois precedent beginning with the Holton decision. I want to address a briefing counsel, but do those cases talk about arguments in the alternative? I think everyone could agree that there can't be two sole proximate causes. I think we would all agree with that as a matter of logic. If there's a sole proximate cause, it means that was the only conduct that caused it. But can't a defendant argue just as a plaintiff can argue in the alternative? Can't they argue? Rather than saying this was a combination of Martin, Collins, and Theriot, but not us, not our own compartment, couldn't they say Martin, Collins was solely responsible? Or, in the alternative, Theriot was solely responsible? They could, and that's why this case is a problem, because they decided to submit the Special Interrogatory about some other person. Is it because they didn't name them? Is that the problem? Yes, it is the problem. So if the Special Interrogatory named both of them, would that have cured any defect that you're claiming in the IPI? It would not, from our perspective, because we do not believe sole proximate cause belonged in the case at all. Okay? But with respect to that direct single question, if sole proximate cause is appropriate, it is then more appropriate to submit a Special Interrogatory particularized to a person in conduct. But the IPI doesn't do that, right? The IPI does not do that. And so you're saying what makes this different is because there were two potential alternatively sole proximate causes. If they're not, then you need to name them separate. Number one, because there were two sole proximate causes, and secondly, because we believe the whole act involving Theriot in and of itself was a multiple cause occurrence. Again, Mr. Theriot moving into the space did not injure Mr. Douglas. Were you telling me before there's a case for the first point you were just making? Blake, did you say? Blakely. Blakely. B-l-a-k-e-y. It stands for the proposition that if there's multiple sole proximate causes alleged by the defendant, that the Special Interrogatory must identify the defendant? No. Blakely doesn't talk about multiple sole proximate causes. Blakely is the case which talks about the specificity necessary naming the person as opposed to Blakely. In Blakely, the language that was used was some other person, very similar to this language. And the Court found that was improper. And the Court compared it to another case where the plaintiff, I believe it was, was identified. It was the plaintiff, the sole proximate cause of the occurrence, not was some other person. Does the fact that the defense backed off the whole Martin Collins theory and argument change anything? It doesn't because they did not back off. In closing argument, the defense counsel argued there was nothing from the manufacturer in any of its materials about vertical over dynamic angle, nothing in the materials that says buyer beware about the need to control vertical load or dynamic angle. If you buy a car, you get a manual. That manual tells you how you're supposed to service your car. These were all things that took place in closing. The defense argued in closing that Mr. Pendergast, who was one of Martin Collins' employees, came with the sale of the product, and he was the one that should have been telling Arlington about dynamic angle and vertical load if that was an issue. And they further argued that the product manual on Pendergast taught them how to maintain the surface. So clearly there were arguments, even in closing, that Martin Collins was at fault or a cause of this occurrence. But again, that's on top of all of the other evidence that came out with Petrillo, Barajas, Ivancic, Kumar, almost every witness that defendants cross-examined, they brought out information about Martin Collins' conduct. So we believe that the ruling of the trial court was correct, that the sole proximate cause of instruction and special interrogatory based on that instruction were improper and caused the plaintiff's presence. I thank you for your time. Thank you, Mr. Syracuse. And Ms. Carstensen? So in Greedy, the Illinois Supreme Court case, there were two alternate theories. One was the general contractor didn't provide a crane, and so this beam that fell on someone, it never would have happened if a crane had been provided. The second theory was the employer of the person who had the beam dropped on him did not adequately train the people doing the hoisting, lifting operation to lift the crane and if they had done that. All that is required for a sole proximate cause instruction under Illinois law is some evidence. We had some evidence to warrant the instruction here. And you can present alternative theories. Defendant has gone through the closing arguments, claiming this and that, this was improper. It all related to the negligence allegation on maintaining this track. Plaintiff's counsel didn't object. I think he objected once during the course of the closing argument. And I'm going to refer your honors to the Boffa case, which was decided by this court. You know, he felt there was something nefarious going on. He should have objected to that argument, saying it's not based on the evidence. It has no evidentiary support. It was proper. They admit in the reply brief it was proper and it went to the issue of negligence. With respect to, again, to the Boffa case, there's just no prejudice in giving a sole proximate cause instruction. It really focuses the jury's attention on proximate cause and proving proximate cause. So in reading, the defense was pointing the finger at two different parties? Two different people, two different theories. And granted, the Supreme Court in that case said, yes, it was error not to give the sole proximate cause instruction. Could you give it twice? No, just give the plain 12.04 with the long section. But in that case, the court said it was harmless error. Like here, it was harmless error to give if you find anything wrong. I don't think it was error at all. But if you find anything wrong with the instruction, the 12.04 instruction, or the special interrogatory, it was harmless. It just did not change the outcome of this case. Plaintiff has been unable to answer at any time how he was prejudiced in that case and what he would have done differently. He wouldn't have done anything differently. He didn't even object to our closing argument. And he admits in the reply brief that all the evidence against Martin Collins he says was improper went to the issue of negligence. When he settled out with those empty chairs, he left a gap in his case. He didn't have anyone from the horse racing industry to come in and testify to industry standards. He had his causation theory, but his own experts admitted, well, I don't really know what should have been done to soften up this track. And, again, this assertion that there's been two deaths since the track was installed. The both deaths are not two deaths but two severe injuries. In both cases, the jockeys flipped heels with another horse. Now, they were allowed to present that evidence of the second injury over our objection, even though it occurred months later, and the jury just didn't buy their causation theory. So that evidence explains the jury verdict. And, respectfully, Judge McGee, when you're weighing in on granting a new trial, you're supposed to give deference to what the jury found and look at the evidence which supports their finding. And it's detailed in my brief. There's overwhelming evidence supporting the jury's finding. What is our standard of review here? The standard of review is an abuse of discretion in granting a new trial, but that doesn't mean. So we have to find that no reasonable judge would have done what this judge did? And I think under the facts here, you can adequately find that based on the fact that the instruction was proper. It's proper to identify two, even if we did identify two alternate theories, it's proper to do that. There's just, I don't think if this case was before, given the evidence here, that it warranted granting a new trial and retrying the whole case. The plaintiff's counsel, again, he weighed this particular rise issue on this special interrogatory. We had computers over at court, and we were revising the instructions before closing arguments. He even asked that the instruction be corrected to reflect plural injuries. He didn't ask to insert a name in that instruction. That's clear waiver of that issue, and that issue also is really a red herring, because the trial, the general verdict here, supported by ample evidence of negligence, ample evidence of the fact that the surface played no role in this evidence, was supported. So I think that under these circumstances, it's easy to find that as a matter of law, too, No error occurred, and no reasonable person would adopt the view taken by the trial court. We wouldn't. Thank you, Ms. Gasko. It would be reversed. All right. Court will take the matter under advisement, issue an order as soon as possible. Thank you.